**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00763-REB

KENNETH D. BARNES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

**Blackburn, J.**

The matter before me is **Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#19],[1] filed May 30, 2014. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for supplemental security income benefits. I found that the ALJ committed legal error in concluding at step 5 of the sequential evaluation, without the benefit of expert testimony, that limiting plaintiff to low stress jobs with limited decisionmaking requirements would allow him to perform the jobs identified by the vocational expert, all of which required a reasoning level of 3 . I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position.  **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2.  For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[2] The parties apparently stipulate that plaintiff is a prevailing party for purposes of the EAJA.  **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner bears the burden of demonstrating that her position was substantially justified. ***Gilbert***, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. Rather, she attempts to justify her position – a position contrary to the established law of this circuit – by citing the court to the unpublished recommendation of a magistrate judge, a decision which not only was not cited or discussed in her original briefing, but which also was rejected by the district court to which it was directed. ***See Summers v. Astrue***, 2011 WL 2935879 (N.D. Okla. June 14, 2011), ***rejected*** 2011 WL 2971811 (N.D. Okla. July 21, 2011).[3] A position which lacks a reasonable basis in law cannot be substantially justified. ***See Pierce***, 108 S.Ct. at 2550 n.2. Such is the case here. The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, plaintiff is entitled to an award of attorney fees.

---

[3] The Commissioner's failure to acknowledge that this opinion had been rejected is as baffling as it is inexcusable.

Plaintiff requests attorney fees in the amount of $6,169.45 representing 26.8 hours of attorney time and 23.5 hours of paralegal time devoted to this litigation.[4] The Commissioner presents no argument that the total amount of time expended or the total amount of fees requested are unreasonable. Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases. I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#19], filed May 30, 2014, is **GRANTED**; and

2. That under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) plaintiff is **AWARDED** attorney fees of $6,169.45.

Dated June 24, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[4] Plaintiff's request includes a request for an increase in the statutory rate to $186.36 per hour as a cost-of-living adjustment. "Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA." *Greenhill v. United States*, 96 Fed. Cl. 771, 783 (Fed. Cl. 2001). *See also Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *see also Payne v. Sullivan*, 977 F.2d 900, 903 & n.2 (4th Cir. 1992). The Commissioner has stipulated that $186.36 is the current hourly rate applicable to motions seeking attorney fees under the EAJA. (*See* **Motion** at 5 n.3 [#19], filed May 30, 2014.)